# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# COLUMBIA DIVISION

| | | |
|---|---|---|
| ORLANDO LADD, | ) | |
| | ) | |
| **Plaintiff,** | ) | No. ___ 1:11cv5 |
| | ) | **Judge Trauger** |
| v. | ) | |
| | ) | |
| MARK TURNEY, et al., | ) | |
| | ) | |
| **Defendants.** | ) | |

## M E M O R A N D U M

The plaintiff, an inmate at the Turney Center Prison in Only, Tennessee, brings this *pro se*

and *in forma pauperis* action under 42 U.S.C. § 1983, alleging that the defendants wrongly denied

him entry to a drug rehabilitation program, engaged in racial profiling, discriminated against him

on the basis of his Muslim religion, and otherwise subjected him to cruel and unusual punishment.

(Docket No. 1). The plaintiff also alleges a slander claim under state law. (*Id.*) He seeks over

three million dollars ($3,000,000.00) in damages and court-ordered termination of the individual

defendants' employment. (*Id.*)

## I.    Prison Litigation Reform Act Standard

Under the Prison Litigation Reform Act (PLRA), the courts are required to dismiss a

prisoner's complaint if it is determined to be frivolous, malicious, or if it fails to state a claim on

which relief may be granted. 28 U.S.C. § 1915A(b). A complaint is frivolous and warrants

dismissal when the claims "lack[] an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S.

319, 325 (1989); *see Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). Claims lack an arguable

basis in law or fact if they contain factual allegations that are fantastic or delusional, or if they are

based on legal theories that are indisputably meritless. *Id.* at 327-28; *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198-99 (6th Cir. 1990). Although the courts are required to construe *pro se* pleadings liberally, *see Boag v. MacDougall*, 454 U.S. 364, 365 (1982), under the PLRA, the "courts have no discretion in permitting a plaintiff to amend a complaint to avoid a *sua sponte* dismissal," *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

## II.    Facts

The complaint alleges that, upon his arrival at the Turney Center Prison, the defendants suspected the plaintiff was a member of the Blood gang due to his tattoos, specifically the tattoo on his arm that says, "M<>O<>B".[1]  When the plaintiff expressed interest in participating in a drug rehabilitation program, he was denied entry due to his gang affiliation.  The plaintiff maintains that he is not affiliated with any gangs.

The complaint further alleges that, in October 2010, the plaintiff was charged with participating in a Vice Lord gang-related assault, in which the plaintiff denies any involvement. Also that month, correctional officer Mark Turney allegedly told the plaintiff that a confidential informant had identified the plaintiff as a member of the Vice Lord gang.  Mr. Turney then allegedly asked the plaintiff if he went to "Jumar."[2]  (Docket No. 1 at p.7).  When the plaintiff responded that he attended "Jumar" every Friday, Mr. Turney allegedly stated: "Yeah, your [sic] a Vice Lord. You

---

[1] According to the plaintiff, the defendants contend that the tattoo stands for "Member of Blood."  However, the plaintiff states that the tattoo is an acronym for "Money Over Bitches."  (Docket No. 1 at p. 7).

[2] As best the court can discern, "Jumar" may be prison slang for Jumu'ah, which is a congregational prayer that Muslims hold every Friday, just after noon.

go to Jumar to meet with the Vice Lord." (*Id.*) The plaintiff explained that he went to "Jumar" to "congregate" with his Muslim "brothers" and to pray. (*Id.*)

On October 25, 2010, the plaintiff attended a hearing related to the assault charge and asserted that he "was a Muslim, not a gang member," to which the plaintiff alleges that defendant Middleton responded to the plaintiff: "Shut up and you are a Vice Lord not a Muslim." (*Id.*) The complaint alleges that the defendants subsequently "confirmed" him as a Blood gang member; the plaintiff maintains that he has no gang affiliation with either the Vice Lord or Blood gangs. (*Id.*)

## III. Analysis

### A. Section 1983 Claims

The plaintiff alleges several claims under § 1983. To state a claim under § 1983, the plaintiff must allege and show: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)(overruled in part by *Daniels v. Williams*, 474 U.S. 327, 330 (1986)); *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-56 (1978); *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998). Both parts of this two-part test must be satisfied to support a claim under § 1983. *See Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

First, the plaintiff alleges that the defendants denied him the opportunity to participate in a drug rehabilitation program due to their suspicions that the plaintiff is a gang member. However, it is well settled that prisoners have no constitutionally cognizable right to participate in rehabilitative or educational programs. *See Rhodes v. Chapman*, 452 U.S. 337, 348 (1981); *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976); *Canterino v. Wilson*, 869 F.2d 948, 952-54 (6th Cir. 1989); *Kenner v. Martin*, 648 F.2d 1080, 1081 (6th Cir. 1981)(*per curiam*); *Carter v. CCA*, No. 98-6336,

3

1999 WL 427352, at *1 (6th Cir. June 15, 1999). Thus, the plaintiff's claim related to his denial of participation in the drug rehabilitation program fails to state a claim upon which relief can be granted.

Second, the plaintiff alleges that he was a victim of racial profiling by the defendants. The court construes this claim as an equal protection claim under the Fourteenth Amendment. Allegations of racial discrimination are actionable under § 1983, *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974), but merely conclusory allegations of discrimination are insufficient to state a claim. *See Brand v. Motley*, 526 F.3d 921, 924 (6th Cir. 1998). The plaintiff has not suggested any way that his constitutional rights have been violated owing to racial animus. The plaintiff does not allege that the defendants have made any comments or gestures that could reasonably be construed as suggesting racial animus. Accordingly, the court will dismiss the claim, too, pursuant to 28 U.S.C. § 1915A, for failure to state a claim upon which relief may be granted.

Third, the plaintiff alleges that the defendants discriminated against him on the basis of his religion. While in prison, inmates retain certain constitutional rights, including the right to exercise their religious beliefs under the First Amendment. *Cruz v. Beto*, 405 U.S. 319 (1972). However, the plaintiff here does not allege that he has been denied the opportunity to practice his religion or that he has incurred punishment for doing so. On the contrary, the complaint alleges that, while incarcerated, the plaintiff attends "Jumar" every Friday for the purpose of congregrating and praying with his Muslim brothers. (Docket No. 1 at p.7).

Although the plaintiff asserts that the defendants purposefully discriminated against him because of his Muslim religion, the complaint is devoid of allegations to support this naked assertion. The plaintiff does not argue, for example, that he was denied certain prison jobs based

on his religious beliefs. Neither does he argue that he experienced religious discrimination in funding, programming, or other services. In fact, the plaintiff's allegations show that at least one defendant, Mark Turney, believed that the plaintiff was not a Muslim. As courts are not required to accept non-specific factual allegations and inferences or unwarranted legal conclusions, *Dellis v. CCA*, 257 F.3d 508, 511 (6th Cir. 2001), the court will dismiss the plaintiff's religious discrimination claim for failure to state a claim upon which relief may be granted.

Although the plaintiff asserts that he "is suing for cruel and unusual punishment," (Docket No. 1 at p.7), the court finds no allegations in the complaint that would support a claim of cruel and unusual punishment in violation of the Eighth Amendment. "[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety," and "the official must both be aware of facts from which the inference could be drawn that a substantial risk of harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837; *Williams*, 186 F.3d at 691-92. The complaint does not challenge in any way the conditions of the plaintiff's confinement.

Finally, as to the plaintiff's § 1983 claims, even if the plaintiff had stated claims upon which relief can be granted, he could not pursue his claims for monetary damages against the state defendants as sued in their official capacities. A state and its officials are not considered persons for the purpose of a § 1983 claim when sued in their official capacity for monetary damages. *Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989).

**B.    State Law Slander Claim**

In addition to his federal claims under § 1983, the plaintiff asserts a state law slander claim. Title 28 U.S.C. § 1367(a) provides that:

5

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . .

However, the district court "may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it ha[d] original jurisdiction . . . ." *Id.* at § (c)(3).

In the instant case, as explained above, the court must dismiss all of the plaintiff's federal claims over which the court has original jurisdiction. The court declines to exercise supplemental jurisdiction to hear the plaintiff's remaining state tort claim. As such, the plaintiff's state law slander claim will be dismissed without prejudice.

## IV. Conclusion

For the reasons explained above, the court finds that the plaintiff's complaint fails to state claims upon which relief can be granted under 42 U.S.C. § 1983. 28 U.S.C. § 1915A. In the absence of an actionable claim, the court is obliged to dismiss the complaint *sua sponte*. 28 U.S.C. § 1915(e)(2). Accordingly, the plaintiff's claims brought pursuant to 42 U.S.C. § 1983 against **all** defendants will be dismissed. The plaintiff's remaining state law slander claim will be dismissed without prejudice.

An appropriate Order will be entered.

Aleta A. Trauger
United States District Judge